Danny Lee **COLLIER**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 384S93.

Supreme Court of Indiana.

Oct. 27, 1986.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Danny Lee Collier was convicted of two counts of robbery, class B felonies, Ind.Code § 35-42-5-1 (Burns 1979 Repl.) and confinement, a class B felony, Ind.Code § 35-42-3-3 (Burns 1979 Repl.). The trial court imposed concurrent sentences of twenty years for each. Collier was also found to be an habitual offender and received an additional thirty years.

In this direct appeal, Collier raises two issues:

(1) Whether the identification evidence is sufficient to sustain his convictions, and,

(2) Whether the trial court erred by failing to specifically state the aggravating circumstances used to enhance the presumptive sentence and by failing to specify which of the underlying felonies was being enhanced by the habitual offender finding.

The evidence at trial showed that on July 21, 1982, the employees of an automobile leasing business were robbed and then confined in one of the offices. The robber first spoke with the secretary-receptionist, Patricia Scanlon, under the pretext of leasing a car. He told Scanlon that his name was Collier. When the leasing representative, Mark Miller, approached the "customer," appellant pointed a gun at Miller and demanded money. Neither Miller nor Scanlon had money, but appellant took Miller's watch and approximately $150 from the company's cash box. Collier then demanded and received money from the two other employees, Pratt and Spaulding. After col-

lecting the money from all the employees, Collier told everyone to go to Miller's office. Appellant closed the door to the office and then departed. After the victims heard the front door open and close, they left Miller's office and Miller phoned the police to report the robbery. During the course of the crime all of the witnesses were within several feet of their assailant.

The police showed the witnesses arrays of photographs and conducted line-ups within a few weeks of the crime. On July 27th, Scanlon viewed 700–800 photographs in mug books. She narrowed her list of possible suspects to six and then positively identified appellant's photograph. Officer Reardon then compiled a photographic array of eleven pictures to show the witnesses. Three witnesses identified defendant as the robber. Another identified defendant's photograph as the one which most resembled the assailant. On August 25, 1982, a line-up was conducted which consisted of six men. All but one of the witnesses identified defendant as the assailant. All of the witnesses positively identified defendant in court as the man who robbed and confined them.

### I. Sufficiency of the Evidence

Appellant argues that the evidence is not sufficient to sustain his convictions. This Court neither weighs the evidence nor judges credibility when it reviews the sufficiency of the evidence. Rather, we consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If a rational trier of fact could infer beyond a reasonable doubt that the accused was the perpetrator of the crimes, the judgment will be affirmed. *Taylor v. State* (1985), Ind., 479 N.E.2d 1310; *Collier v. State* (1984), Ind., 470 N.E.2d 1340.

A conviction may be sustained on the uncorroborated testimony of one eyewitness. *Anderson v. State* (1984), Ind., 469 N.E.2d 1166; *Prine v. State* (1983), Ind., 457 N.E.2d 217; *Hill v. State* (1983), Ind., 452 N.E.2d 932. In the case at bar, four eyewitnesses who were in close prox-

imity to the perpetrator positively identified Allen in court as the man who robbed and confined them. This evidence is clearly sufficient to sustain his convictions.

Appellant also argues that the pretrial identification procedures were inherently suggestive and tainted the in-court identifications of defendant by the eyewitnesses. Collier's argument is not predicated on any of the identification procedures used by the police in this case. Rather, he maintains that the general practice of including the suspect in the line-up contributes to the danger of misidentification and that the line-up practice itself "suggests to eyewitnesses that the guilty party is in it and pressures them to identify someone in it." This seems to be an oblique way of asserting that line-ups should be prohibited; if it is prejudicial to include a suspect, omitting the suspect both solves the problem and eliminates the usefulness of the technique. We need not address the merits of appellant's claim, however, because appellant did not preserve this issue for appellate review by making a contemporaneous objection when the witnesses identified him in court. *Taylor v. State* (1985), Ind., 479 N.E.2d 1310.

## II. Sentencing Errors

Appellant argues that the trial court did not sufficiently state the aggravating circumstances used to enhance his sentence and that the court did not specify which of the underlying felonies was being enhanced by the habitual offender determination. The court sentenced appellant to concurrent terms of twenty years for each of the felony convictions with an additional thirty years "to be served consecutively to Count 1, Count 2, and Count 3 as an enhancement ...". The trial court simply entered a minute finding "aggravation as alleged and set forth in presentence investigation report." The trial judge must recite a specific and individualized statement of the reasons which warrant enhancement of the sentence. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102.

The statement of reasons must (1) identify all of the significant mitigating and aggravating circumstances, (2) state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) evaluate and balance the mitigating circumstances against the aggravating circumstances in order to determine if the aggravating circumstances offset the mitigating circumstances. *Robinson v. State* (1985), Ind., 477 N.E.2d 883. This requirement of specificity has a dual purpose. First, it insures the judge considered only proper grounds when imposing sentence and thus safeguards against the imposition of sentences which are arbitrary and capricious. Second, it enables the appellate court to determine the reasonableness of the sentence imposed. *Page v. State* (1981), Ind., 424 N.E.2d 1021.

In the case at bar, we have neither an order book entry nor a sentencing transcript to reflect the trial judge's evaluative process. Both parties agree that this record is inadequate for appellate review of the decision to enhance Collier's sentence from the presumptive term.

The trial court also incorrectly entered the penalty for the habitual offender finding. The trial court must specify which of the underlying felonies was being enhanced by reason of the habitual offender determination. *Edwards v. State* (1985), Ind., 479 N.E.2d 541.

This cause is remanded for the purpose of entering a statement of such circumstances as the trial court finds in support of its sentencing order. The trial court is also instructed to correct its entry of the habitual offender penalty. Otherwise, the judgment is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.