**Danny COLLIER, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 49A02-9101-PC-27.[1]

Court of Appeals of Indiana, Third District.

June 11, 1991.

1. This case was assigned to this office on May 1, 1991.

John Pinnow, Sp. Asst. to the State Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Danny Collier appeals the denial of his petition for post-conviction relief, raising four issues for our review:

    I.   Whether Collier received ineffective assistance of trial counsel.

    II.   Whether Collier received ineffective assistance of appellate counsel.

    III.   Whether Collier was denied due process of law and his right to be free from cruel and unusual punishment with regard to his conviction as an habitual offender.

IV. Whether Collier was denied due process of law when the trial court resentenced him on remand after his direct appeal without him or his counsel being present.

We remand for a hearing on the correction of Collier's sentence and affirm in all other respects.

Danny Collier was convicted in 1983 of robbery, confinement, and habitual offender. Upon direct appeal to the Indiana Supreme Court, the court remanded for a statement of reasons for sentencing and a specification of which felony was being enhanced by the habitual offender penalty, but otherwise affirmed the judgment. *Collier v. State* (1986), Ind., 498 N.E.2d 1219, 1221. The facts of the underlying crime are concisely set out in that opinion and we will only refer to those facts which are necessary for the disposition of this subsequent appeal.

■ The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence, and the post-conviction court is the sole judge of the evidence and the credibility of the witnesses. Ind. Rules of Procedure, Post Conviction Rule 1, Section 5; *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1197, *reh'g denied.* Thus, to succeed on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Grey, supra.*

■ The purpose of a petition for post-conviction relief is to raise issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Id.* Thus, post-conviction relief is not a "super-appeal" which allows the rehashing of prior proceedings regardless of the circumstances surrounding them. *Id.*

## I.

### *Ineffective Assistance of Trial Counsel*

■ Because Collier's claims of ineffective assistance of trial counsel were available to him on direct appeal, he may not raise these issues in his petition for post-conviction relief. *Grey, supra; Smith v. State* (1990), Ind.App., 559 N.E.2d 338, 342, *transfer denied.*

However, waiver of an issue may be avoided in a post-conviction proceeding if the failure to present the issue resulted from ineffective assistance of counsel. *Smith, supra.* Thus, Collier challenges the effectiveness of his counsel on his direct appeal for his failure to challenge the effectiveness of trial counsel.[2]

## II.

### *Ineffective Assistance of Appellate Counsel*

■ Upon review, the assistance of counsel is measured against a "reasonably effective assistance" standard. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 307–308. Thus, judicial scrutiny should be deferential and undistorted by hindsight, with "[i]solated poor strategy, inexperience, or bad tactics" not implying ineffectiveness; the appellant must show "strong and convincing evidence" to overturn a presumption of competence. *Burr, supra,* at 308, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. When determining whether a defendant has received ineffective assistance of counsel, we engage in a two-step analysis. First, we must determine whether the acts or omissions of counsel are outside the wide range of professionally competent assistance. If so, we must then determine whether such acts or omissions prejudiced the defendant. *Clark v. State* (1990), Ind., 561 N.E.2d 759, 762. The standard for reviewing claims of ineffective assistance of appellate counsel is the same as the standard for reviewing assistance of trial counsel. *Mato v. State* (1984), Ind., 478 N.E.2d 57, 62.

■ Here, Collier alleges that appellate counsel was ineffective for failing to raise the effectiveness of trial counsel for opening the door to the impeachment of two

**2.** Collier was represented by different attorneys at trial and on his direct appeal.

defense witnesses on prior crimes, failing to contact witnesses to bolster Collier's alibi defense, and filing a deficient motion to correct errors.[3]

■ On direct examination, trial counsel questioned two of the witnesses about their prior convictions. When trial counsel objected to further questions on cross-examination about the numerous convictions, arrests, and charges filed against the witnesses, the trial court ruled that trial counsel had opened the door to this type of questioning. *See Hickman v. State* (1987), Ind., 515 N.E.2d 511, 513. The State points out that trial lawyers commonly bring out damaging testimony on direct to limit its impact. *See Gann v. State* (1988), Ind., 521 N.E.2d 330, 335. This appears to be the strategy employed by trial counsel here. We will not reverse due to choice of strategy where it appears that counsel exercised professional judgment. *Ingram v. State* (1987), Ind., 508 N.E.2d 805, 808.

■ Collier contends that he provided trial counsel with the general descriptions of a clerk at a sandwich shop and a vending machine attendant who may have been able to testify in support of his alibi defense. He never produced the names of these witnesses and the witnesses were not present at the post-conviction hearing. Collier's testimony that these witnesses were available is not sufficient to overcome his burden of persuasion that counsel was ineffective for failure to produce the witnesses. *Smith v. State* (1987), Ind., 511 N.E.2d 1042, 1045.

Collier's contention that trial counsel filed a deficient motion to correct errors because it "does no more than present a laundry list of complaints by raising the same claims of error over and over" has no merit. Although not a model of draftsmanship, it adequately presented the contested issues to the court.

As we have concluded that Collier's allegations of ineffectiveness of trial counsel were without merit, we hold that appellate counsel was not ineffective for failing to raise the issue of ineffective trial counsel on Collier's direct appeal.

■ Collier next contends that appellate counsel was ineffective because he failed to raise (and therefore waived) several issues raised in the motion to correct errors. However, the record indicates that appellate counsel investigated all of the issues identified by Collier and concluded that they had no merit.

Appellate counsel did not raise the issue, addressed in the motion to correct errors, that a juror was erroneously excused without cause. However, appellate counsel testified that he conferred with the court reporter and concluded that the alleged error was not objected to. Appellate counsel also did not raise the allegation that Collier was not represented by counsel at the lineup. He testified that he discovered that an attorney was present at the lineup, albeit a substitute counsel standing in for Collier's appointed public defender. He reasonably concluded that the issue had no merit. Finally, Collier alleges that appellate counsel should have raised on appeal the failure to grant a mistrial after the prosecutor erroneously stated that there were four eyewitness identifications of Collier. However, our reading of the record indicates that the trial judge corrected the prosecutor by stating that there were only three positive identifications of Collier and that one was uncertain, and the prosecutor agreed with that statement. Appellate counsel could reasonably have concluded that Collier suffered no prejudice from the prosecutor's corrected misstatement.

Accordingly, we hold that Collier did not receive ineffective assistance of appellate counsel.

### III.

#### *Habitual Offender*

Collier next contends that numerous errors occurred within the habitual offender

---

3. Collier also contended in his petition for post-conviction relief that trial counsel was ineffective in failing to tender an instruction on lesser included offenses and in failing to present a plausible defense. However, he concedes in his brief that he was not entitled to an instruction on lesser included offenses and that trial counsel presented evidence and argument on his alibi defense. Appellant's Brief at 21.

phase of trial. He first argues that the information charging him as an habitual offender was insufficient as it failed to include all of the statutory elements. Notwithstanding the fact that this issue was available to Collier upon his direct appeal and therefore is waived, we note that the information takes the same form as one found sufficient by our supreme court in *Erickson v. State* (1982), Ind., 438 N.E.2d 269.

■ Collier next argues that the habitual offender enhancement was invalid "because it was a general verdict that was potentially based on an invalid theory." Appellant's brief at 27. He cites *Nash v. State* (1989), Ind., 545 N.E.2d 566 and *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339, *reh'g denied* in support of his contentions. In both *Nash* and *Miller*, although the State proved the requisite two prior unrelated convictions, they also introduced evidence of other convictions which were vacated or for which the defendant had not been sentenced. The jury in both cases returned a general verdict finding the defendant to be an habitual offender. The supreme court reversed, holding that in each case it was possible for the jury to have relied on the invalid convictions in the finding of habitual offender.

■ It is proper habitual offender practice for the State to plead and prove more than two prior unrelated felony convictions. *Nash, supra,* at 568. The additional convictions introduced are merely harmless surplusage. *Id.* Here, Collier challenges the validity of only one of the convictions, a Florida conviction, by merely alleging that he thinks it was vacated. Such an unsupported allegation is not sufficient to carry his burden of proof that the conviction was vacated. The conviction is accompanied by a proper certification. Thus, this case is distinguishable from *Nash* and *Miller*, as all of the convictions proved were valid.

Collier also challenges the sufficiency of the evidence to support the habitual offender enhancement. As we stated above,

there was substantial probative evidence that he had accumulated prior unrelated convictions in the statutory sequence.

■ Collier contends that he may have been prejudiced because one of the documents offered by the state also contained a docket entry relating to another individual who was charged with murder. Notwithstanding his waiver of this issue by failing to raise it on direct appeal, even a cursory reading of the document indicates that the entry has nothing to do with the charge to which Collier pled guilty. We fail to see how Collier was unduly prejudiced, particularly in light of the substantial evidence establishing that he was an habitual offender.[4]

## IV.

### *Resentencing*

■ Collier contends that he was denied statutory right to be present at the trial court's correction of his sentence pursuant to the order of the supreme court in *Collier, supra.* We agree.

Indiana Code 35–38–1–15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. *The convicted person and his counsel must be present when the corrected sentence is ordered.* A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

(Emphasis added). It is uncontroverted that neither Collier nor his counsel was present when Collier's sentence was corrected. The proper remedy for this defect is to remand to the trial court with instructions to reimpose the order correcting the sentence in the defendant's presence. *Edwards v. State* (1988), Ind.App., 518 N.E.2d 1137, 1142, *transfer denied.* Accordingly,

---

**4.** In his post-conviction petition, Collier challenged the instructions given by the judge during the habitual offender phase of the trial. He

addresses this issue in his appellate brief only to concede that the instructions were proper. Appellant's brief at 32.

we remand for a hearing on sentence correction, and affirm in all other respects.

SHIELDS and ROBERTSON, JJ., concur.