**Robert D. DAVIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 11A01–9408–CR–253.

Court of Appeals of Indiana, First District.

Nov. 17, 1994.

988

Fritzy D. Modesitt, Brazil, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Robert D. Davis appeals his conviction, after a bench trial, of possession of a sched-

ule II drug, a class D felony; dealing in marijuana, a class D felony; and possession of marijuana, a class D felony, for which Davis received a sentence of six years' imprisonment. Davis argues in this appeal that the evidence is insufficient to sustain the judgment on each count; that the court committed reversible error in failing to issue specific findings of fact; and, that the court erred in sentencing him to consecutive sentences. We vacate the judgment of conviction and sentence on the possession of marijuana count; in all other respects, we affirm.

■ Davis maintains that the evidence is insufficient to sustain his convictions because the State failed to introduce into evidence the exhibits which contained the illegal substances and, in the absence of the exhibits, failed to sufficiently connect them with the evidence of composition and weight contained in the police lab report. Before trial, Davis stipulated that the State could establish a proper chain of custody for the exhibits from Detective Sergeant Loudermilk to the State Police Lab. All of the exhibits were taken from Davis' person in the presence of Loudermilk at the time of or immediately after Davis' arrest and turned over to Loudermilk for custody. Davis also stipulated to the admissibility of the lab results which established the existence of methamphetamine, a schedule II substance, in two of the four exhibits containing a powdery white substance, for a total weight of approximately one gram, and forty-one grams by weight of marijuana in three other separate exhibits. Two other bags which were introduced as exhibits and analyzed by the lab contained the non-controlled substances Lidocaine, Caffeine and Ephedrine.

The weight of any particular exhibit or the fact that the illegal substances were contained in multiple packages is not a necessary element of proof with respect to any of the offenses charged. To meet its burden of proof as to count II of the charging information, the State needed to prove that Davis knowingly possessed a controlled substance classified in schedule II. Ind.Code 35–48–4–7(a). The State proved that Davis possessed approximately one gram of methamphet-

amine. To meet its burden of proof as to counts III and IV, the State needed to prove possession of marijuana in an amount of more than thirty grams. I.C. 35–48–4–10(a)(2), (b)(1)(B) and I.C. 35–48–4–11(1). The State's evidence established that Davis possessed on his person 41 grams of marijuana. With the stipulation that there was a proper chain of custody from Loudermilk to the lab and the absence of any challenge to the State's proof with respect to custody of the exhibits prior to that time, the State need only have proved the presence of the substance prohibited by statute and its aggregate weight. The State has plainly met that burden.

■ Prior to trial, Davis asked the court to issue specific findings of fact and conclusions of law. The judge satisfied this request by stating her findings on the record. Davis argues that the trial court committed reversible error because its findings are not adequate to aid appellate review. Citing the evidence introduced at trial supporting the elements of the offenses, in particular, the circumstantial evidence which established Davis' intent to deliver the marijuana as charged in count III, the court specifically found each of the elements of the offenses charged in counts II, III, and IV of the information. We cannot discern any deficiency in these findings. It is not necessary for the trial court to negate every piece of evidence presented by the defense. *Meyers v. State* (1989), Ind., 547 N.E.2d 265, 267, *cert. denied*, 495 U.S. 921, 110 S.Ct. 1954, 109 L.Ed.2d 316.

■ In any event, Ind.Trial Rule 52 is not applicable to criminal cases. *Id.*; *Neeley v. State* (1973), 156 Ind.App. 489, 297 N.E.2d 847, *affirmed*, 261 Ind. 434, 305 N.E.2d 434. A verdict of guilty necessarily encompasses a finding of proof beyond a reasonable doubt on every element of the crime. *See id.*

■ Lastly, Davis argues that the imposition of consecutive sentences totaling six years is manifestly unjust and exceeds the maximum sentence permitted by I.C. 35–50–1–2. The court cited Davis' criminal record involving a prior felony as an adult as the single justification for ordering Davis to serve an enhanced sentence on count II and Davis' prior criminal record and use of drugs as the justification for enhanced and consecutive sentences on the other two counts which the court merged. The presentence report has not been made a part of the record, but Davis admitted at the sentencing hearing that he had convictions of burglary and theft in 1980 and the other evidence establishes that these convictions occurred at a time when Davis was an adult. The testimony also establishes that Davis had committed offenses as a juvenile.

The trial court sentenced Davis on April 20, 1994. At that time, the amendment to I.C. 35–50–1–2 which limits the total of the consecutive terms of imprisonment to "the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted" had not yet taken effect.

Davis finds fault with the trial court's sentencing statement because, it refers to the same single aggravating factor, Davis' criminal record, in support of the enhanced, consecutive sentences, but does not take into account and weigh mitigating circumstances. Davis does not identify the mitigating circumstances in the record he contends the court failed to consider.

■ There is nothing erroneous in the trial court's decision to rely upon a single aggravating factor as the basis for enhanced and consecutive sentences. "The same single aggravating factor may support both the enhancement of a presumptive sentence and the imposition of consecutive sentences." *Idle v. State* (1992), Ind.App., 587 N.E.2d 712, 715 (citing *Davidson v. State* (1990), Ind., 558 N.E.2d 1077, 1092), *trans. denied.*[1] The trial judge has the discretion to both

---

1. We are cognizant of our second district's opinion in *Staton v. State* (1994), Ind.App. No. 640 N.E.2d 741, but agree with Senior Judge Ratliff's opinion concurring in result that our case law "clearly indicates" that the same single aggravating factor may support both the enhancement of a presumptive sentence and the imposition of consecutive sentences without any assessment of the factor's "egregiousness." In *Bartruff v. State* (1990), Ind., 553 N.E.2d 485, the Indiana Supreme Court upheld the imposition of a sentence which had been both enhanced and ordered to

aggravate a sentence to its maximum amount and determine that the sentences should run consecutively. *Beno v. State* (1991), Ind., 581 N.E.2d 922, 924. The trial judge is not obligated to explain why she has chosen not to mitigate the sentences. *Concepcion v. State* (1991), Ind., 567 N.E.2d 784, 791.

Neither is there anything manifestly unreasonable about such a sentence under the present facts. Unlike defendant Beno, Davis did not receive multiple convictions arising from a single police sting operation. Police stopped and arrested Davis on an outstanding warrant and discovered on his person a large quantity of marijuana, a small amount of methamphetamine, cutting agents, a razor, mirror, rolling papers, four hundred dollars in cash and documentary evidence of his drug transactions. The documentation reflects that Davis sold marijuana to a number of different persons in various quantities and had access to at least two kinds of illegal drugs. His crimes were not identical or the product of a sting operation in which the number of buys and additional crimes are determined by the police. We therefore are unable to discern any basis for revising Davis' sentence. The sentence is within the range authorized by the legislature. I.C. 35–50–2–7(a).

■ We address sua sponte, however, the entry of a judgment of conviction and imposition of sentence on the lesser included offense of possession of marijuana. *See Mason v. State* (1989), Ind., 532 N.E.2d 1169, 1171, *cert. denied*, 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428. The double jeopardy clause bars separate conviction and sentencing on a lesser crime where the conviction of a greater crime cannot be had without conviction of a lesser crime and sentence is imposed on the greater crime. *Id.* at 1171; *Boze v. State* (1987), Ind., 514 N.E.2d 275, 277. In the double jeopardy context, a second conviction is an additional punishment even if that conviction results in a sentence which runs concurrent with the first conviction. *McBroom v. State* (1988), Ind., 530 N.E.2d 725, 727. Hence, the proper remedy is to remand to the trial court for a new sentencing order which vacates the conviction and sentence on the lesser count. *See e.g. Mason*, 532 N.E.2d at 1172; *Abron v. State* (1992), Ind.App., 591 N.E.2d 634, 637, *trans. denied.*

Judgment affirmed but the cause is remanded with instructions to vacate the judgment of conviction and sentence on the lesser offense of possession of marijuana.

NAJAM and RILEY, JJ., concur.

---

be served consecutively to another sentence on the basis of a single aggravating factor, the statutory factor of a history of criminal activity. 553 N.E.2d at 487. However, because the record did not supply a basis for concluding that the mandatory consecutive sentencing provisions of I.C. 35–50–1–2(b) applied, the cause was remanded "for a statement justifying application of the mandatory provision of the consecutive sentencing statute or for a modification of the sentencing order deleting the requirement of consecutive sentences." 553 N.E.2d at 488. Moreover, this court has upheld sentencing orders involving the imposition of both enhanced and consecutive sentences on the basis of a single aggravating factor on more than one occasion. *See e.g.,*

*Jarrett v. State* (1991), Ind.App., 580 N.E.2d 245, 254 (affirming imposition of enhanced and consecutive sentences on the basis of single factor of a "pattern of prior criminal activity posing him as a danger to the children that seem to be his predilection in regard to his sexual preference"), *trans. denied; Manning v. State* (1984), Ind.App., 459 N.E.2d 1207, 1214 (holding that history of criminal activity alone sufficient to support the enhancement of Manning's sentences and the determination that they should be served consecutively); *Jackson v. State* (1982), Ind.App., 441 N.E.2d 29, 33 (holding that history of criminal activity will support enhancement of sentence and imposition of consecutive sentence; no other aggravating circumstances cited by trial court).