# FOR PUBLICATION



**FILED**
Nov 21 2012, 8:32 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ROBERT D. DAVIS**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT D. DAVIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 11A01-1204-CR-251 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLAY SUPERIOR COURT
The Honorable Diana LaViolette, Special Judge
Cause No.11D01-9204-CF-205

**November 21, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Robert D. Davis, *pro se*, appeals the trial court's denial of his motion to correct erroneous sentence. Davis raises one issue which we revise and restate as whether the trial court erred by denying his motion to correct erroneous sentence. We affirm.

The relevant facts follow. In 1992, the State charged Davis with eight counts. On March 2, 1994, the trial court found Davis guilty of Count II, possession of a schedule II drug as a class D felony, Count III, dealing in marijuana as a class D felony, and Count IV, possession of marijuana as a class D felony. On April 20, 1994, the court sentenced Davis to three years for each count. The court stated: "counts 3 and 4 shall be merged for sentencing and shall run concurrently with that term of imprisonment imposed on count 2, and count 2 shall be consecutively to counts 3 and 4." Appellee's Appendix at 1. A chronological case summary entry states that "counts 3 and 4 merged for sentencing and run concurrently with term imposed on Co. 2 and Co 2 consecutively to cos. 3 and 4." Appellant's Appendix at 5.

On direct appeal, this court *sua sponte* addressed the entry of a judgment of conviction and imposition of sentence on the lesser included offense of possession of marijuana. Davis v. State, 642 N.E.2d 987, 990 (Ind. Ct. App. 1994). The court held that "[i]n the double jeopardy context, a second conviction is an additional punishment even if that conviction results in a sentence which runs concurrent with the first conviction." Id. The court stated that "the proper remedy is to remand to the trial court for a new sentencing order which vacates the conviction and sentence on the lesser count." Id. The court concluded: "Judgment affirmed but the cause is remanded with instructions to

2

vacate the judgment of conviction and sentence on the lesser offense of possession of marijuana." Id.

On January 26, 1995, Davis appeared by counsel at a hearing, and the court entered an order vacating Davis's conviction and sentence for Count IV, possession of marijuana as a class D felony.[1]

On December 15, 2011, Davis filed a *pro se* motion to correct erroneous sentence. Davis argued that his sentence was erroneous because the trial court failed to follow the instructions of the Court of Appeals, his presence with counsel was necessary at the January 26, 1995 hearing, and he was entitled to be resentenced under the laws in effect at that time. On March 28, 2012, the court denied Davis's motion to correct erroneous sentence.

The issue is whether the trial court erred by denying Davis's motion. Davis appears to argue that the court erred by failing to enter a new sentencing order instead of merely amending the previous sentencing order. Davis also argues that his presence was required at the January 26, 1995 hearing. Davis argues that "it is uncontroverted that neither [he] nor counsel was present when [his] sentence was corrected," and that "[t]he proper remedy is to reimpose the order correcting the sentence in [his] presence with counsel." Appellant's Brief at 7. Davis also argues that Ind. Code § 35-50-1-2 was

---

[1] Specifically, the court's order stated:

Court . . . finds that judgment of conviction imposed on Count 4, Possession of Marijuana, a Class D felony is now vacated and said sentence was ordered to run concurrently to all other sentences, now vacates said sentence[.] In all other respects courts [sic] previous order shall remain in full force and effect.

Appellee's Appendix at 2.

3

amended in 1994 and that this amendment should have limited the trial court's consecutive sentencing.

The State argues that Davis's arguments require this court to consider matters outside the face of the sentencing order and that a motion to correct erroneous sentence is inappropriate. The State asserts that Davis's arguments are without merit even assuming that a motion to correct erroneous sentence is appropriate. The State also contends that because "this Court did not disturb the trial court's judgment in any other respects, [Davis's] personal presence was not required and the trial court's January 26, 1995, Sentencing Order complied with this Court's instructions." Appellee's Brief at 5.

We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. Fry v. State, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Myers v. State, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999).

An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Ind. Code § 35-38-1-15. Neff v. State, 888 N.E.2d 1249, 1250-1251 (Ind. 2008). Ind. Code § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

In Robinson v. State, the Indiana Supreme Court noted that a motion to correct erroneous sentence is available only when the sentence is "erroneous on its face." 805

4

N.E.2d 783, 786 (Ind. 2004) (citations omitted).  The Court emphasized that "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction . . . ."  Neff, 888 N.E.2d at 1251 (citing Robinson, 805 N.E.2d at 793-794).  A motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority.  Robinson, 805 N.E.2d at 787.  Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence.  Id.  Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings."  Id.  "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should . . . be strictly applied . . . ."  Id.

Even assuming that Davis may argue in a motion to correct erroneous sentence that the trial court's January 26, 1995 order did not follow the instructions of this court, we observe that the court's order vacated the judgment of conviction and sentence on Count IV, possession of marijuana as a class D felony, which was the instruction of this court in its opinion on direct appeal.

With respect to Davis's argument that "it is uncontroverted that neither [he] nor counsel was present when [his] sentence was corrected," Appellant's Brief at 7, we observe that the court's January 26, 1995 order stated that Davis appeared by counsel.  In support of his argument that his presence was necessary at the January 26, 1995 hearing, Davis cites Ind. Code § 35-38-1-15.

The Indiana Supreme Court has addressed a trial court's responsibility when a criminal case is remanded for a new sentencing order. Specifically, the Court has held:

> Unless this Court specifically directs otherwise, a trial court's responsibility in that circumstance is to produce a new sentencing order that responds to the concerns this Court has raised. Depending upon the nature of those concerns, this responsibility may be discharged by the trial court (1) *issuing a new sentencing order without taking any further action*; (2) ordering additional briefing on the sentencing issue and then issuing a new order *without holding a new sentencing hearing*; or (3) ordering a new sentencing hearing at which additional factual submissions are either allowed or disallowed and then issuing a new order based on the presentations of the parties.

O'Connell v. State, 742 N.E.2d 943, 952-953 (Ind. 2001) (emphases added). Thus, based upon the nature of the concerns raised by this court in Davis's direct appeal, we cannot say that a new sentencing hearing was required. We also observe that Davis would not have been entitled to present additional evidence before the court entered its January 26, 1995 order.[2] Moreover, Ind. Code § 35-38-1-15 "is applicable only when a defendant files a motion to correct an erroneous sentence." Ousley v. State, 807 N.E.2d 758, 760 (Ind. Ct. App. 2004). Thus, Ind. Code § 35-38-1-15 is not applicable here because the court's January 26, 1995 order followed this court's decision and not a motion to correct erroneous sentence.[3] We cannot say that the court erred on this basis.

---

[2] Cf. Saylor v. State, 765 N.E.2d 535, 560 (Ind. 2002) (addressing petitioner's argument that his appellate counsel rendered ineffective assistance for not raising the issue that he was not allowed the opportunity to present evidence at the time the trial court entered its new sentencing order imposing the death penalty where the Indiana Supreme Court had previously entered an order remanding the cause to the trial court with instructions to reconsider its sentencing order because it appeared the trial court had improperly relied upon victim impact evidence and holding that defendant was entitled to be present in that circumstance), reh'g granted and rev'd on other grounds, 808 N.E.2d 646 (Ind. 2004).

[3] Davis cites Collier v. State, 572 N.E.2d 1299 (Ind. Ct. App. 1991), trans. denied. In Collier, Danny Collier was resentenced after a direct appeal in which the Indiana Supreme Court had remanded for a statement of reasons for sentencing and a specification of which felony was being enhanced by the habitual offender penalty. 572 N.E.2d at 1300-1301 (citing Collier v. State, 498 N.E.2d 1219, 1221 (Ind.

To the extent that Davis argues that he was entitled to be resentenced under the laws in effect at the time of the resentencing and that the amendment in 1994 of Ind. Code § 35-50-1-2 should have limited the trial court's authority with respect to consecutive sentencing, we observe that the version of Ind. Code § 35-50-1-2 prior to the 1994 amendment provided in part that "the court shall determine whether terms of imprisonment shall be served concurrently or consecutively." In 1994, the statute was amended to provide:

> [T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. . . . However, except for murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury, under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Pub. L. No. 164-1994, § 1 (eff. July 1, 1994).

Generally, courts must sentence defendants under the statute in effect at the time the defendant committed the offense. Palmer v. State, 679 N.E.2d 887, 892 (Ind. 1997). When, however, the legislature enacts an ameliorative amendment without including a

1986)). On appeal from the denial of his petition for post-conviction relief, Collier raised the issue of whether he was denied due process of law when the trial court resentenced him on remand after his direct appeal without him or his counsel being present. Id. The court observed that it was uncontroverted that neither Collier nor his counsel was present when his sentence was corrected. Id. at 1303. The court cited Ind. Code § 35-38-1-15 and held that the proper remedy for this defect was to remand to the trial court with instructions to reimpose the order correcting the sentence in the defendant's presence. Id. Collier is distinguishable in that here the CCS indicates that Davis's counsel was present and because the remand by this court did not order the trial court to provide a statement of reasons for sentencing. Additionally, the Indiana Supreme Court has clarified that a new sentencing hearing was not required. See Taylor v. State, 840 N.E.2d 324, 342 (Ind. 2006) (holding that when a case is remanded for a new sentencing order the trial court may discharge the responsibility by issuing a new sentencing order without taking any further action or ordering additional briefing on the sentencing issue and then issuing a new order without holding a new sentencing hearing) (citing O'Connell, 742 N.E.2d at 953).

specific savings clause, the new statute will apply to all those sentenced after its effective date. Id. When a court sentences a defendant before the effective date of an ameliorative amendment, the new statute does not apply unless the legislature expressly designates that the new statute applies retroactively. Id. If an appellate court remands for a technical correction of a sentence, and not for re-sentencing, the general rule, that the court sentences the defendant under the statute in effect at the time the defendant committed the offense, applies. Id.

Even assuming, without deciding, that the 1994 amendment applied at the time that the court entered its order on January 26, 1995, Davis does not develop a cogent argument with respect to how the 1994 amendment would have affected his sentence. Moreover, to the extent that Davis suggests that the trial court's ability would have been limited by the 1994 amendment, such a conclusion would require a determination of whether Davis's offenses were closely related in time, place, and circumstance and the specific facts underlying each count. As noted above, a motion to correct erroneous sentence is "available only to correct sentencing errors clear from the face of the judgment." Robinson, 805 N.E.2d at 794. Thus, Davis's argument is not properly presented by way of a motion to correct erroneous sentence.[4] As a result, we cannot say that the trial court abused its discretion by denying Davis's motion. See Jackson v. State, 806 N.E.2d 773, 774 (Ind. 2004) (holding that the trial court properly denied the defendant's motion to correct erroneous sentence and noting that a motion to correct erroneous sentence is available only to correct sentencing errors clear from the face of the

---

[4] Our ruling today does not impact whatever right Davis may have to seek post-conviction relief.

8

judgment); <u>Bauer v. State</u>, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (noting that the defendant's claims required consideration of matters in the record outside the face of the judgment and accordingly they are not the types of claims that are properly presented in a motion to correct erroneous sentence), <u>trans.</u> <u>denied</u>.

For the foregoing reasons, we affirm the denial of Davis's motion to correct erroneous sentence.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.