**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2013, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**STEPHEN R. HARVEY, JR.**
Pendleton Correctional Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEPHEN R. HARVEY, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1302-CR-44 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-0312-FB-243

**September 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Stephen R. Harvey, Jr., pled guilty to class B felony robbery, class B felony criminal confinement, and to being a habitual offender. The trial court sentenced Harvey to twenty years for robbery enhanced by twenty years on the habitual offender finding, and ten years for criminal confinement. The court ordered the sentences to be served consecutively for an aggregate sentence of fifty years. Thereafter, Harvey filed several pro se motions challenging the validity of his sentence, each of which was denied by the trial court. He now appeals only the trial court's denial of his motion for concurrent sentencing. The sole issue presented is whether the trial court abused its discretion in denying that motion.

Harvey's motion for concurrent sentencing was essentially a motion to correct erroneous sentence. We review a trial court's ruling on a motion to correct erroneous sentence only for an abuse of discretion. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). "An abuse of discretion occurs where the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id.*

Indiana Code Section 35-38-1-15 states,

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (citation and internal quotation marks omitted). A motion to correct erroneous sentence may properly be used only "to correct sentencing errors that are

2

clear from the face of the judgment imposing the sentence in light of statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.* A motion to correct erroneous sentence is an improper remedy for any sentencing claims that are not facially apparent; such claims may be raised only on direct appeal, and by post-conviction proceedings where appropriate. *Id.*

Harvey argues that the trial court's imposition of consecutive sentences was inappropriate because his convictions arose out of a single episode of criminal conduct pursuant to Indiana Code Section 35-50-1-2. That statute provides in relevant part that the trial court may order terms of imprisonment to be served consecutively; however, except for crimes of violence, the total of the consecutive terms of imprisonment to which the defendant is sentenced for felony convictions "arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class higher than the most serious of the felonies for which the person has been convicted." Ind. Code § 35-50-1-2(c). First, we note that one of Harvey's convictions was for class B felony robbery, which is specifically delineated as a "crime of violence" pursuant to Indiana Code § 35-50-1-2(a). Our supreme court has held that the statutory limitation on consecutive sentencing does not apply to consecutive sentencing "among crimes of violence" or "between a crime of violence and those that are not crimes of violence." *Ellis v. State*, 736 N.E.2d 731, 737 (Ind. 2000). Moreover, regarding whether his convictions arose out of a single episode of criminal conduct, Harvey seeks review of the factual basis underlying his guilty plea to his offenses,

3

which necessarily involves matters not apparent from the face of the trial court's sentencing order. Simply put, the sentencing judgment entered here is not erroneous on its face and, consequently, Harvey has sought an improper remedy for his claim. Accordingly, the trial court did not abuse its discretion when it denied his motion.

Affirmed.

BARNES, J., and PYLE, J., concur.