**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICK A. DUFF**
Duff Law, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES EDWARD BANKS, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1301-CR-38 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert Pigman, Judge
Cause No. 82D02-0908-FC-749

**November 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

James Banks appeals the denial of his motion to correct erroneous sentence. We affirm.

**Issue**

Banks raises one issue, which we restate as whether the trial court properly denied his motion to correct erroneous sentence.

**Facts[1]**

On August 10, 2009, Banks was charged with Class C felony escape, Class D felony battery resulting in bodily injury, Class A misdemeanor resisting law enforcement, and Class A misdemeanor illegall storage or transportation of anhydrous ammonia. On January 20, 2010, Banks pled guilty as charged. At the March 3, 2010 sentencing hearing, the parties agreed that the judgment of conviction on the escape charge would be entered as a Class D felony. Banks was sentenced to three years on the escape charge, with eighteen months executed and the remainder suspended to a drug abuse probation services program. Banks was sentenced to eighteen months executed on the battery charge and to one year executed on each of the misdemeanor charges. The trial court ordered all of the sentences to run concurrently. Banks was awarded 102 days of credit for time served and 102 days of good time credit.

In August 2010, Banks was discharged from the Department of Correction and placed on probation. On September 21, 2010, a petition for revocation of probation was filed in Vanderburgh County. Although represented by counsel at a December 10, 2010

---

[1] The underlying facts are based on the chronological case summary.

hearing, Banks failed to appear. On December 10, 2010, a second petition for revocation of probation was filed, and a bench warrant for Banks was issued. On December 23, 2010, another petition for revocation of probation was filed.

On January 12, 2011, a hearing was held at which Banks was represented by counsel. The trial court was informed that Banks was being held in the Posey County Jail and ordered that the bench warrant remain in effect. On February 9, 2011, another hearing was held, at which Banks was represented by counsel while he remained in the Posey County Jail, and the trial court again ordered that the bench warrant remain in effect.

On May 26, 2011, the warrant was served on Banks. On May 27, 2011, Banks, while in custody, appeared by video at an initial hearing on the alleged probation violations. The trial court ordered that Banks be held without bond. On June 9, 2011, Banks apparently admitted to the alleged probation violations and was ordered to serve one year of his previously suspended sentence in the Department of Correction. The trial court ordered that this sentence be served consecutive to matters arising out of Posey County. The trial court also awarded fifteen days credit and good time credit.

On December 10, 2012, Banks filed a motion to correct erroneous sentence. Banks argued that he was entitled to 172 days of credit for December 20, 2010, when he was arrested and held in Posey County, until June 6, 2011, when he was sentenced on the probation violations in Vanderburgh County. On December 17, 2012, the trial court denied the motion. Banks now appeals.

**Analysis**

Banks argues that the trial court improperly denied his motion to correct erroneous sentence. We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Davis v. State, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

An inmate who believes he or she has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code Section 35-38-1-15. Neff v. State, 888 N.E.2d 1249, 1250-51 (Ind. 2008). Indiana Code Section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"[A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." Robinson v. State, 805 N.E.2d 783, 787 (Ind. 2004). "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." Id. "When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable."

4

Banks argues that he is entitled to at least 147, if not 174, days of credit for the time he was incarcerated in Posey County. Banks's argument is based on his review of the chronological case summary and the assumption that he was held in the Posey County Jail because of the Vanderburgh County warrant. As Banks acknowledges in his brief, however, the details surrounding his incarceration in Posey County are not clear. Thus, the resolution of this issue would have required the consideration of matters outside the face of the sentencing judgment. Therefore, it was not properly presented in a motion to correct erroneous sentence. Accordingly, the trial court did not abuse its discretion in denying the motion to correct erroneous sentence.

## Conclusion

The trial court did not abuse its discretion in denying Banks's motion to correct erroneous sentence. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.