**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**LISA RITCHIE**
Rockville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LISA RITCHIE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1306-CR-286 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT 3
The Honorable George Biddlecome, Judge
Cause No. 20D03-0804-FA-027

**August 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Lisa Ritchie, pro se, appeals the denial of her motion to correct erroneous sentence, contending essentially that the court convicted her of and sentenced her for an offense that was not supported by the evidence.

We affirm.

Via a written plea agreement, Ritchie pleaded guilty to one count of dealing in methamphetamine within 1000 feet of a school, as a class A felony. Pursuant to the written plea agreement, the State agreed that the executed portion of her sentence would be capped at thirty-five years. On August 14, 2008, the trial court sentenced Ritchie to thirty-five years imprisonment. Ritchie thereafter filed a motion to correct erroneous sentence, which the trial court denied on May 15, 2013. Ritchie appeals this ruling.

Our Supreme Court has determined that a motion to correct erroneous sentence is "appropriate only when the sentence is 'erroneous on its face.'" *Robinson v. State,* 805 N.E.2d 783, 786–87 (Ind. 2004) (quoting *Mitchell v. State*, 726 N.E.2d 1228, 1243 (Ind. 2000), *abrogated on other grounds, Beattie v. State,* 924 N.E.2d 643 (Ind. 2010)). Specifically, this motion may be used only "to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id.* at 787. The Court stressed that "the 'facially erroneous' prerequisite should henceforth be strictly applied." *Id.* We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Davis v. State,* 978 N.E.2d 470 (Ind. Ct. App. 2012).

Ritchie identified the grounds supporting her motion to correct erroneous sentence as follows: "In this instant case [sic], Ritchie has demonstrated that the evidence was

2

insufficient to support a Class A felony for possession with intent to deliver three (3) or more grams of mass, when the total weight of mass found in Ritchie's house was only 1.5 grams." *Appendix to Appellant Brief* at 4. Her brief argument on appeal addresses only that contention. This is not a contention that the *sentence* was incorrect; rather, it is a challenge to the validity of the underlying *conviction*. A motion to correct erroneous sentence is not the appropriate vehicle for mounting such a challenge. Therefore, the trial court correctly denied the motion.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.