**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JASON L. WANZELL**
Branchville Correctional Facility

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JASON L. WANZELL,        ) | |
|           ) | |
|    Appellant-Petitioner,    ) | |
|           ) | |
|      vs.          ) | No. 53A01-1311-CR-490 |
|           ) | |
| STATE OF INDIANA,         ) | |
|           ) | |
|    Appellee-Respondent.    ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Kenneth G. Todd, Judge
Cause No. 53C03-1008-FB-769

**September 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jason Wanzell appeals the denial of his motion to correct erroneous sentence. We affirm.

**Issue**

Wanzell raises one issue, which we restate whether the trial court properly denied his motion to correct erroneous sentence challenging the amount of restitution imposed pursuant to a restitution agreement.

**Facts**

In 2011, Wanzell pled guilty to Class B felony burglary and Class D felony receiving stolen property. As part of the plea agreement, Wanzell agreed to pay restitution in the amount of $5,305.91. The trial court sentenced Wanzell pursuant to the terms of the agreement.

In September 2013, Wanzell filed a motion to correct erroneous sentence, which the trial court denied on the basis that Wanzell expressly agreed that the monetary restitution was owed by him to the named victims. In October 2013, Wanzell filed an amended motion to correct erroneous sentence, which the trial court also denied for the same reason. Wanzell now appeals.[1]

**Analysis**

Wanzell argues that the denial of his motion to correct erroneous sentence was improper because the restitution order was not supported by evidence of the victims'

---

[1] Neither of the motions to correct erroneous sentence is included the appendix. Based on the trial court's orders denying the motions and the issues raised on appeal, we presume the motions challenged the propriety of the restitution order.

2

losses and the amount of restitution ordered exceeded the victims' actual losses. Wanzell also argues that, although he agreed to the restitution order, the lack of factual basis to support the amount of restitution ordered resulted in an illegal sentence.

We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Davis v. State, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). An inmate who believes he or she has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code Section 35-38-1-15. Neff v. State, 888 N.E.2d 1249, 1250-51 (Ind. 2008). Indiana Code Section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"[A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." Robinson v. State, 805 N.E.2d 783, 787 (Ind. 2004). "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." Id. "When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings

3

where applicable." A post-conviction relief proceeding is the proper avenue for challenging a guilty plea. Tumulty v. State, 666 N.E.2d 394, 396 (Ind. 1996).

To address the claims raised by Wanzell, the trial court would have had to consider matters outside the face of the sentencing judgment—namely whether there was a sufficient factual basis to support the order. The purported errors are not clear from the face of the sentencing order and are not appropriate for a motion to correct erroneous sentence. Wanzell has not established that the trial court abused its discretion in denying his motion.

## Conclusion

Because the alleged errors in the restitution order are not clear from the face of the sentencing order, they are not appropriately raised in a motion to correct erroneous sentence. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.