## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2016, 6:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Terry Criss
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry Criss,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

May 25, 2016

Court of Appeals Case No.
49A04-1511-CR-1944

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

Trial Court Cause No.
CR-86025E

**Baker, Judge.**

[1] Terry Criss appeals the trial court's denial of his motion to correct erroneous sentence. Finding no error, we affirm.

[2] On July 7, 1986, Criss pleaded guilty to murder, class A felony burglary, two counts of class B felony criminal confinement, class B felony burglary, and class D felony theft. On October 15, 1986, the trial court sentenced Criss to an aggregate term of 124 years imprisonment. Criss filed a petition for post-conviction relief in July 1990, which the post-conviction court denied in February 1991. On October 8, 2015, Criss filed a motion to correct erroneous sentence. The trial court denied the motion the day after it was filed. Criss now appeals.

[3] We review a ruling on a motion to correct erroneous sentence for an abuse of discretion. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). A motion to correct erroneous sentence may only be used to correct sentencing errors that are apparent from the face of the sentencing order. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). As a result, claims that require consideration of the proceedings before, during, or after trial do not warrant relief. *Id.*

[4] Here, Criss raises four arguments in his motion to correct erroneous sentence: (1) alleged prosecutorial misconduct during trial renders the sentence unfair; (2) he did not knowingly and voluntarily plead guilty; (3) there was an insufficient factual basis supporting his guilty plea; and (4) his sentences violate the prohibition against double jeopardy. Each of these arguments requires consideration of the proceedings before, during, or after trial. There are no

sentencing errors apparent on the face of the sentencing order. As a result, the trial court did not err by denying Criss's motion to correct erroneous sentence.

[5] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.