Richard E. FULKROD, Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 48A04–0508–PC–482.

Court of Appeals of Indiana.

Nov. 2, 2006.

Richard E. Fulkrod, Pendleton, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Richard Fulkrod, appeals the denial of his motion to correct erroneous sentence. Upon appeal, Fulkrod presents two issues for our review: (1) whether in imposing a forty-year sentence the trial court violated his rights as set forth in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied,* and (2) whether the decision in *Blakely* is a new rule of law which should be applied retroactively.

We affirm.

In February 1992, the State charged Fulkrod with murder after he shot his estranged wife four times during an argument, killing her. On July 21, 1994, Fulkrod pleaded guilty to voluntary manslaughter as a Class A felony, and on September 21, 1994, the trial court sentenced Fulkrod to forty years imprisonment, which was the maximum sentence he could receive pursuant to his plea agreement. Fulkrod filed a direct appeal challenging his sentence, and this court affirmed his sentence in a memorandum decision issued on April 28, 1995. *Fulkrod v. State*, 48A02–9412–CR–738, slip op. at 3, 649 N.E.2d 144 (Ind.Ct.App. Apr. 28, 1995).

Between 1999 and 2000, Fulkrod sought modification of his sentence, which was initially granted by the trial court but then reversed upon appeal because the trial court lacked jurisdiction to grant Fulkrod's request. *See State v. Fulkrod*, 753 N.E.2d 630 (Ind.2001), *summarily affirming State v. Fulkrod*, 735 N.E.2d 851 (Ind.Ct.App. 2000). Between 2001 and 2002, Fulkrod sought and was denied post-conviction review. Fulkrod appealed, and this court affirmed the denial of post-conviction relief in a memorandum decision. *Fulkrod v. State*, No. 48A02–0204–PC–296, 779 N.E.2d 1268 (Ind.Ct.App. Dec. 12, 2002).

On April 7, 2005, Fulkrod filed a motion to correct erroneous sentence in which he alleged that the trial court violated his Sixth Amendment rights as set forth in *Blakely* by enhancing his sentence based upon aggravating factors not found by a jury. On April 13, 2005, the trial court denied Fulkrod's motion to correct erroneous sentence. On June 23, 2005, Fulkrod filed a motion requesting permission to file a belated notice of appeal,[1] which the trial court denied the same day. Thereafter, on July 6, 2005, Fulkrod filed a Notice of Appeal with the trial court in an effort to appeal the denial of his motion to file a belated notice of appeal.[2] The trial court's chronological case summary ("CCS") entry evidencing this filing states: "Court previously has denied the request." Appendix at 8. On July 13, 2005, the trial court sent a copy of the CCS to Fulkrod pursuant to his request. Fulkrod then filed a pro se motion to correct error, which the trial court denied on August 12, 2005. On August 22, 2005, Fulkrod filed a Verified Petition for Permission to File Belated Appeal with this court. This court granted the motion on September 13, 2005.

Before addressing the merits of Fulkrod's claims, we first address what we perceive to be somewhat of a procedural irregularity. We begin by noting that the July 6 Notice of Appeal was a permissible final appeal following the trial court's denial of Fulkrod's request to file a belated notice of appeal from the denial of his motion to correct erroneous sentence. *See* Ind. Post–Conviction Rule 2 (providing, "[i]f the trial court finds no grounds for permitting the filing of a belated notice of appeal, the defendant may appeal such denial by filing a notice of appeal within thirty (30) days of said denial"). *See also Cruite v. State*, 853 N.E.2d 487 (Ind.Ct. App.2006); *Salazar v. State*, 854 N.E.2d 1180 (Ind.Ct.App.2006). The trial court's CCS entry erroneously states that July 6 notice of appeal was previously denied by the trial court on June 23. To be sure, the June 23 order of the trial court was a denial of Fulkrod's motion requesting per-

---

**1.** *See* Ind. Post–Conviction Rule 2.

**2.** Indiana Post–Conviction Rule 2 specifically provides for appeals from the trial court's

denial of a request to file a belated notice of appeal.

mission to file a belated notice of appeal from the denial of his motion to correct erroneous sentence, a motion wholly separate from the July 6 Notice of Appeal. Apparently, Fulkrod sought to have this entry corrected by the trial court by filing a motion to correct error. After the trial court summarily denied his motion to correct error, Fulkrod filed his verified petition for permission to file a belated appeal with this court.

Although this court assigned an appellate cause number upon Fulkrod's timely filing of his July 6 Notice of Appeal, this court subsequently granted Fulkrod's request to file a belated appeal. Notwithstanding the filing of a notice of appeal and a verified petition requesting permission to file a belated notice of appeal, it remains that this appeal was initiated from the trial court's summary denial of Fulkrod's motion requesting permission to file a belated notice of appeal. In such case, the merits of Fulkrod's sentencing claims would not be proper arguments before us. Rather, the only issue properly before us would be the trial court's denial of Fulkrod's request to file a belated notice of appeal.[3] *See Cruite*, 853 N.E.2d at 491 n. 4. However, this court, in the order granting Fulkrod's request to file a belated notice of appeal, indicated that Fulkrod was "seeking to challenge his sentence following a guilty plea pursuant to Post–Conviction Remedy Rule 2, Section 2." What we gather from the foregoing is that this court, rightly or wrongly, jumped over the trial court's summary denial of Fulkrod's motion requesting permission to file a belated notice of appeal from the denial of his motion to correct erroneous sentence and granted Fulkrod permission to argue the merits of

his sentencing claims. Evidencing this understanding is that the appellate briefs of Fulkrod and the State are directed only to the merits of Fulkrod's sentencing claims. In the instant appeal, for the sake of judicial economy, we will therefore address the merits of Fulkrod's claims pertaining to the denial of his motion to correct erroneous sentence.

▆ A motion to correct erroneous sentence[4] is a procedural mechanism which may be used to challenge a sentence that is erroneous on its face. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind.2004). If a claim requires consideration of proceedings before, during, or after trial, such claims may not be presented by way of a motion to correct erroneous sentence. *Id.* Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record. *Id.* at 787–88. Our Supreme Court has stated that the narrow confines of this procedure are to be strictly applied. *Id.* at 787.

Here, although Fulkrod has not provided us with a copy of his sentencing judgment, we are confident in saying that his sentence is not facially erroneous. After pleading guilty, the trial court sentenced Fulkrod to forty years imprisonment, the maximum sentence he could receive under the terms of his plea agreement. A forty-year sentence is within the statutorily prescribed range for a Class A felony, both now and as the statutes provided in 1992 when Fulkrod committed the crime and in 1994 when Fulkrod was sentenced. *See* Ind.Code § 35–50–2–4 (Burns Code Ed. Supp.2006, Repl.1985, and Supp.1994).

---

**3.** Arguments to that effect would concern whether the failure to file a timely notice of appeal were due to the fault of Fulkrod and whether Fulkrod had been diligent in requesting permission to file a belated notice of appeal. *See* P–C.R. 2(1)(a), (b).

**4.** *See* Ind.Code § 35–38–1–15 (Burns Code Ed. Repl.1998).

■ Moreover, the basis for Fulkrod's motion to correct erroneous sentence was that his sentence was in violation of *Blakely*. *Blakely*, however, does not prohibit all enhanced sentences; rather, *Blakely* requires only that the facts used to support an enhanced sentence, other than the fact of a prior conviction, must be found by a jury or admitted by the defendant. 542 U.S. at 301, 124 S.Ct. 2531. *See also Edwards v. State*, 822 N.E.2d 1106, 1109 (Ind.Ct.App.2005). Thus, a determination of whether a sentence was properly imposed under *Blakely* would require that we look beyond the face of the judgment to see if imposition of an enhanced sentence was based upon facts determined through constitutionally permissible channels. As such, a *Blakely* claim is not the type of claim which may be brought through a motion to correct erroneous sentence.

Furthermore, even if Fulkrod's claim were properly before the court, Fulkrod would not be entitled to relief. In *Smylie v. State*, 823 N.E.2d 679, 687 (Ind.2005), *cert. denied* —— U.S. ——, 126 S.Ct. 545, 163 L.Ed.2d 459, our Supreme Court held that *Blakely* was a "new rule" for purposes of retroactivity. The *Smylie* Court concluded:

> "First, as a new rule of constitutional procedure, we will apply *Blakely* retroactively to all cases on direct review at the time *Blakely* was announced. Second, a defendant need not have objected at trial in order to raise a *Blakely* claim on appeal inasmuch as not raising a *Blakely* claim before its issuance would fall within the range of effective lawyer-

ing. Third, those defendants who did not appeal their sentence at all will have forfeited any *Blakely* claim." *Id.* at 690–91.[5]

■ As noted above, Fulkrod was sentenced in September of 1994, and he filed a direct appeal challenging his sentence, which this court affirmed in 1995. Thus, Fulkrod's case became final for purposes of retroactivity in 1995. *See State v. Mohler*, 694 N.E.2d 1129, 1133 (Ind.1998) (stating that a conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied).[6] Because Fulkrod's case was not pending upon direct review and because the judgment was final when *Blakely* was decided, *Blakely* does not apply retroactively to Fulkrod's case. *See Walker v. State*, 843 N.E.2d 50, 58 n. 3 (Ind.Ct.App.2006) (noting that defendant would not be permitted to make a *Blakely* claim as his direct appeal was decided long before *Blakely* was handed down), *trans. denied*. Therefore, based upon the foregoing, and notwithstanding the procedural irregularities giving rise to the instant appeal, we conclude that the trial court did not err in denying Fulkrod's motion to correct erroneous sentence.

The judgment of the trial court is affirmed.

BAKER, J., and MAY, J., concur.

---

5. Here, because Fulkrod challenged his sentence upon direct appeal in 1994, we need not address the procedural morass occasioned by the state of the law concerning applicability of *Blakely* in a belated appeal setting. We note, however, that this precise issue was recently addressed by this court in *Baysinger v. State*, 854 N.E.2d 1211 (Ind.Ct.App.2006).

6. We note that there are two narrow exceptions to this rule, neither of which are applicable to the case before us. *See Mohler*, 694 N.E.2d at 1133.