Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**TIMOTHY MATSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McCLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jul 17 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY MATSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 04A03-1112-CR-567 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE BENTON CIRCUIT COURT
The Honorable Rex W. Kepner, Judge
Cause No. 04C01-0802-FA-31

**July 17, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Timothy Matson ("Matson"), pro se, appeals the trial court's denial of his motion to correct erroneous sentence. Matson raises one issue, which we restate as whether the trial court abused its discretion in denying Matson's motion to correct erroneous sentence. We affirm.

**Facts and Procedural History**

On February 15, 2008, the State charged Matson in Count 1, with Class A felony attempted murder; in Count 2, with Class D felony operating a vehicle with a blood alcohol content ("B.A.C.") of at least .08 with a prior operating a vehicle while intoxicated ("OWI") conviction; in Count 3, with Class D felony OWI in a manner that endangers another person with a prior OWI conviction; in Count 4, with Class D felony operating a vehicle with a Schedule I substance or its metabolite in the body with a prior OWI conviction; in Count 5, with Class D felony operating a vehicle with a Schedule II substance or its metabolite in the body with a prior OWI conviction; in Count 6, with Class D felony resisting law enforcement; and in Count 7, with Class D felony resisting law enforcement; and Count 8, Class D felony battery.

On August 26, 2008, the State filed a motion to amend the charging information. Specifically, the State noted that several of the OWI counts alleged in the charging information were elevated to Class D felonies based on a prior OWI conviction. The State acknowledged that under Indiana Code section 35-34-1-2.5, the allegations relating to the prior conviction should be made on a separate page. The State also sought to dismiss the charge of operating a vehicle with a Schedule II controlled substance or metabolite in the body. On August 27, 2008, the trial court granted the State's request to

remove references to prior convictions from the charging information in order to allow the charging information to be submitted to the jury.

Accordingly, the final information submitted to the jury indicated that Matson had been charged as follows: Count 1, Class A felony attempted murder; Count 2, Class C misdemeanor operating a vehicle with a blood alcohol content ("B.A.C.") of at least .08; Count 3, Class A misdemeanor operating a vehicle while intoxicated ("OWI"); Count 4, Class C misdemeanor operating a vehicle with a Schedule I substance or its metabolite in the body; Count 5, Class D felony resisting law enforcement; Count 6, Class D felony resisting law enforcement; and Count 7, Class D felony battery. The State also filed separate information alleging that Matson had a prior OWI conviction within five years of the charged offenses, and alleged that Matson was a habitual offender and a habitual substance offender. Matson also faced a petition to revoke his probation in a separate cause, Cause Number 04C01-0401-CM-31 ("Cause No. 31").

The jury found Matson guilty of Counts 2 through 7.[1] Matson then admitted to having a prior OWI conviction and pleaded guilty to the habitual offender and habitual substance offender enhancements. At Matson's October 14, 2008 sentencing hearing, the trial court set aside the guilty verdicts on Counts 3 and 7, as well as the habitual offender enhancement. The trial court entered judgment of conviction on each of the remaining offenses and adjudicated Matson a habitual substance offender. The trial court also found that Matson had violated his probation in Cause No. 31. Matson received concurrent three-year sentences on Count 2 and Count 4, and the trial court enhanced the sentence on

---

[1] The alleged probation violation in Cause No. 31 was tried to the bench concurrently with Matson's jury trial.

3

Count 4 by eight years based on the habitual substance offender adjudication, with one year suspended. Matson also received three-year sentences on Counts 5 and 6, and one year of each sentence was to be served consecutive to the sentence imposed on Count 4, with the remaining two years served concurrently with the sentence imposed on Count 4. The trial court also revoked Matson's probation in Cause No. 31 and ordered him to serve the one and one-half year balance his previously suspended sentence consecutive to his sentences on the current convictions. Accordingly, Matson received an aggregate sentence of twelve and one-half years executed, with one year suspended to probation.

On February 4, 2009, the trial court entered a *nunc pro tunc* order indicating that the October 14, 2008 sentencing order and the abstract of judgment had incorrectly labeled Counts 2 and 4 as Class C misdemeanors when they were, in fact, Class D felonies. The February 4, 2009 order corrected the October 14, 2008 sentencing order to reflect that Counts 2 and 4 were Class D felonies and directed the trial court clerk to amend the abstract of judgment accordingly.

On November 3, 2011, Matson filed a motion to correct erroneous sentence asking the trial court to declare his sentence "facially erroneous" and to resentence him "within the confines of the Laws of the State of Indiana, pursuant to the Indiana Sentencing Guidelines." Appellant's App. p. 43. Matson also requested the court to "apply an appropriate sentence to Count #2, whence he was convicted at trial, of a Misdemeanor" and to sentence him "to the advisory sentence for his Habitual Substance Offender Enhancement." Id. at 44. Matson also asked the trial court to consider the fact that Matson had "been accepted in the State's premier re-entry educational facility" and that

4

Matson had admitted to having substance abuse problems and being a habitual substance offender, which, according to Matson, would allow the trial court to fashion a more appropriate sentence. Id. at 44-45. Matson also filed a memorandum of law in support of his motion to correct erroneous sentence, in which he appears to suggest that the State improperly relied on the same prior OWI conviction to elevate his sentences on Counts 2 and 4 to Class D felonies and to support the habitual substance offender enhancement.

The State filed a response and motion to strike arguing, in part, that Matson's motion to correct erroneous sentence should be denied because it required consideration of matters outside the face of the sentencing judgment. The trial court agreed, and on November 30, 2011, entered an order denying Matson's motion to correct erroneous sentence. Matson now appeals.

**Discussion and Decision**

The issue on appeal is whether the trial court erred by denying Matson's motion to correct erroneous sentence. We review a trial court's decision on a motion to correct erroneous sentence for an abuse of discretion. Fry v. State, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Id. An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to Indiana Code section 35-48-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion

5

> to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

A statutory motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Robinson v. State, 805 N.E.2d 783, 787 (Ind. 2004). "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." Fulkrod v. State, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct sentence. Id. Such claims are best addressed on direct appeal or by way of a petition for post-conviction relief. Robinson, 805 N.E.2d at 787.

Here, Matson claims that his sentence violated double jeopardy because the State improperly relied on the same prior OWI conviction to elevate Counts 2 and 4 from Class C misdemeanors to Class D felonies and to support his habitual substance offender adjudication, and because the trial court used the same prior OWI conviction as an aggravator to support the imposition of the maximum sentence. However, it is not apparent from the face of the sentencing order which prior convictions were used to support the enhancement of Counts 2 and 4 from Class C misdemeanors to Class D felonies and to support the habitual substance offender adjudication. And although the sentencing order lists Matson's "criminal history" as an aggravator, it is not clear from the language of the sentencing order that the trial judge was relying on the same OWI conviction used to support the enhancement and habitual substance offender

6

enhancement. Appellant's App. p. 31. Accordingly, evaluation of Matson's claims would require us to look beyond the face of the sentencing order; indeed, Matson asks us to consider the charging information and the transcript of the sentencing hearing in considering his claims. We therefore conclude that Matson's double jeopardy claims are not the type that may be raised in a motion to correct erroneous sentence.

Matson also argues that his convictions on Counts 2 and 4 should have been entered as Class C misdemeanors rather than as D felonies and, as a result, his sentences on each of those counts exceed the maximum authorized by law. Specifically, he argues that the October 14, 2008 sentencing order, which indicated that Counts 2 and 4 were Class C misdemeanors, was not a "typo" that could be corrected by a *nunc pro tunc* entry, and that the misdemeanor convictions were the "true and correct statement stated in the sentencing order." Appellant's Br. at 8-9.

Here again, Matson's claim would require consideration of matters outside the sentencing order—specifically, we would need to consider the charging information, the jury verdicts, and the transcripts of the trial and the subsequent hearings. Many of these materials have not been included in the record on appeal, but even if they were, they would be beyond the scope of our review in the context of Matson's appeal from a denied motion to correct erroneous sentence.

The sentencing order, as corrected by the February 4, 2009 *nunc pro tunc* order, provides that Counts 2 and 4 were Class D felonies, and that Matson received a three-year sentence on each count. Accordingly, Matson's sentences on Counts 2 and 4 fall within the statutorily prescribed range for Class D felonies. See Ind. Code § 35-50-2-7

("A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½ ) years."). Additionally, Count 4 was enhanced by eight years based on Matson's habitual substance offender admission and adjudication; this enhancement does not exceed the maximum allowed by law. See Ind. Code § 35-50-2-10 ("The court shall sentence a person found to be a habitual substance offender to an additional fixed term of at least three (3) years but not more than eight (8) years imprisonment, to be added to the term of imprisonment imposed under IC 35-50-2 or IC 35-50-3."). For these reasons, the sentencing judgment, as amended by the February 4, 2009 *nunc pro tunc* entry, is not erroneous on its face.

Matson's remaining arguments are difficult to discern, and are ultimately meritless. For example, Matson claims that it was somehow error for the trial court to allow the State to submit the amended charging information, which indicated that Counts 2 and 4 were Class C misdemeanors and omitted reference to the previous OWI conviction used to elevate the offenses to Class D felonies, to the jury during the initial guilt phase of his trial. But Matson does not acknowledge that the State was required by statute to make the allegation that Matson had a previous OWI conviction on a separate page, see Ind. Code § 35-34-1-2.5, nor does he provide a coherent explanation as to how he could possibly have been prejudiced by this procedure. Indeed, the entire purpose of the bifurcated proceeding was to *prevent* prejudice to Matson by preventing the jury from hearing about Matson's prior OWI conviction prior to reaching its verdict on the current OWI charges.

8

Matson also argues that it somehow violated double jeopardy principles for the trial court to revoke his probation in Cause No. 31 based on his commission of the current offenses, for which he was separately convicted and sentenced. This argument incorrectly assumes that the revocation of his probation in Cause No. 31 was an additional punishment for the current offenses, when it was in fact the imposition of a previously suspended sentence for a prior offense based on Matson's violation of the terms of his probation by committing a new criminal offense. See Richardson v. State, 717 N.E.2d 32, 37 n.3 (Ind. 1999) (noting that constitutional double jeopardy protections prohibit multiple punishments for the same offense); Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999) (noting that probation is an alternative to incarceration, imposed at the sole discretion of the trial court, to which the defendant is not entitled). Matson also appears to argue that his sentence was inappropriate under Appellate Rule 7(B), but this argument is plainly inappropriate in the context of an appeal from the denial of a motion to correct erroneous sentence.

We acknowledge that Matson is proceeding on appeal pro se. However, pro se litigants are held to the same standards as licensed attorneys. Whatley v. State, 937 N.E.2d 1238, 1240 (Ind. Ct. App. 2010). Accordingly, we will not and may not become advocates for Matson by attempting to unravel his arguments to present them for him within the structure of applicable law. For all of the foregoing reasons, we conclude that the trial court properly denied Matson's motion to correct erroneous sentence.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.