## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2016, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin L. Govan
Westville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin L. Govan, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | April 18, 2016 <br><br> Court of Appeals Case No. 02A03-1510-CR-1618 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D04-0411-FB-196 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Kevin Govan filed a motion under Indiana Trial Rule 60(A), asking the trial court to correct an alleged clerical mistake in a 2005 judgment of conviction against him. The trial court denied the motion. Because the requested "correction" would be meaningless, we affirm.

# Facts and Procedural History

[2] In November 2004, the State charged Govan with several crimes, including two counts of Class B felony criminal confinement (Counts 1 and 2). The State also alleged that Govan had used a firearm in the commission of those two offenses and that he was therefore subject to sentencing enhancements under Indiana Code section 35-50-2-11. At the time, that statute allowed a court to add five years to a sentence for Class B felony criminal confinement if the court found that the defendant "used a firearm in the commission of the offense[.]" Ind. Code Ann. § 35-50-2-11 (West 2004).

[3] In April 2005, while Govan was awaiting trial, the General Assembly amended Section 35-50-2-11 to provide that if the defendant was convicted of Class B felony criminal confinement in a jury trial, the "used a firearm" finding must be made by the jury, not the court. Pub. L. 71-2005, § 13.

[4] Govan's jury trial was held a month later. The jury found Govan guilty of both counts of Class B felony criminal confinement. The trial court did not reconvene the jury for a finding on the State's "used a firearm" allegations.

Instead, in accordance with the version of Section 35-50-2-11 that was in effect at the time of Govan's offenses, the court itself made the finding and added five years to each of Govan's criminal-confinement sentences. The court issued a Judgment of Conviction that provided, in part, "Court finds defendant committed offenses in Count 1 and 2 while using a firearm in violation of [Indiana Code section] 35-50-2-11." Appellant's App. p. 151.

[5] Govan later filed a motion to correct erroneous sentence under Indiana Code section 35-38-1-15. The trial court denied the motion. Govan appealed to this Court, arguing, in part, that the trial court "wrongly sentenced him to additional fixed terms of imprisonment of five years on each of counts I and II, under Indiana Code section 35-50-2-11." *Govan v. State*, No. 02A03-1302-CR-60, Slip Op. at 4-5 (Ind. Ct. App. July 3, 2013). We affirmed, explaining that whether the firearm enhancement was properly applied is "not something that is apparent on the face of the judgment of conviction" and therefore is not an issue that can be addressed by way of a motion to correct erroneous sentence. *Id.* at 5. In an accompanying footnote, we wrote:

> To the extent that Govan argues that the judgment of conviction indicates that the judge, rather than a jury, found that the elements of the statute were met, Govan appears to read too much into the judgment of conviction. The judgment of conviction notes that the "Court finds defendant committed offenses . . . in violation of IC 35-50-2-11." Brief of Appellant at 11. However, a reference to the "court" here does not imply that the judge improperly played a role reserved for the jury. Relevantly, we note that the boilerplate wording of the fill-in-the-blank judgment of conviction form used here states that the

defendant was found guilty following a jury trial, and then goes on to state that the <u>court</u> considered the evidence and found defendant guilty. There is no facially apparent error in the judgment of conviction here.

*Id.* at 5 n.3 (emphasis in original).

[6] Apparently prompted by that footnote, Govan then filed a motion under Indiana Trial Rule 60(A) asking the trial court to "correct" the judgment to specifically state that the jury had not made the firearm finding. The trial court denied Govan's motion, and Govan now appeals.

# Discussion and Decision

[7] Govan contends that the trial court should have granted his motion for an amended judgment under Rule 60(A), which provides, in part,

> **Clerical mistakes.** Of its own initiative or on the motion of any party and after such notice, if any, as the court orders, clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the Notice of Completion of Clerk's Record is filed under Appellate Rule 8.

We review a trial court's decision on a Rule 60 motion for an abuse of discretion. *Elliott v. Dyck O'Neal, Inc.*, 46 N.E.3d 448, 456 (Ind. Ct. App. 2015), *trans. denied*.

[8] To resolve this appeal, we need not decide whether the judgment contains a "clerical mistake." Govan's briefing to the trial court and on appeal makes

clear that his reason for filing the Rule 60 motion is that he believes that if the judgment more clearly stated that the jury did not make the firearm finding, he could file a successful motion to correct erroneous sentence, on the ground that the firearm enhancement can only be based on a jury finding. *See* Appellant's Br. p. 13-14; Appellant's Reply Br. p. 3-6; Appellant's App. p. 146. But even if the judgment were to be amended as Govan requests, he could not prevail on a motion to correct erroneous sentence. Such a motion may properly be used only "to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). A motion to correct sentence is an improper remedy for any sentencing claims that are not facially apparent; such claims may be raised only on direct appeal, and by post-conviction proceedings where appropriate. *Id.*

[9] Here, Govan's motion to correct erroneous sentence would necessarily be based on one or both of two alternative arguments: (1) that the 2005 amendment to Section 35-50-2-11 should have been applied even though the crimes were committed in 2004 or (2) that even if the amended statute did not apply, the pre-amendment version of the statute, which allowed a judge to find a fact that justified a sentence enhancement, was unconstitutional under the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004) (decided several months before

Govan committed his offenses). *See* Appellant's Reply Br. p. 3-6. While we know that the legislature was responding to *Blakely* when it amended Section 35-50-2-11 in 2005, *see Robertson v. State*, 871 N.E.2d 280, 282-83 (Ind. 2007), we express no opinion on the merits of these two issues. We simply hold that they are not appropriate subjects for a motion to correct erroneous sentence. *See, e.g., Fulkrod v. State*, 855 N.E.2d 1064, 1067 (Ind. Ct. App. 2006) (holding that "a *Blakely* claim is not the type of claim which may be brought through a motion to correct erroneous sentence"). Neither alleged "error" is apparent from the face of the judgment. *See Robinson*, 805 N.E.2d at 787. Each argument would require a court to engage in substantive legal analysis.

[10] Because the erroneous-sentence motion Govan envisions would be futile, and because Govan's only reason for requesting a "correction" of the judgment is to set himself up for that erroneous-sentence motion, we cannot say that the trial court abused its discretion by declining to amend the judgment under Rule 60(A).

[11] Affirmed.

Barnes, J., and Mathias, J., concur.