## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Artie Thomas
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Artie Thomas,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 30, 2016

Court of Appeals Case No.
18A02-1512-CR-2303

Appeal from the Delaware Circuit Court

The Honorable Linda Ralu Wolfe, Judge

Trial Court Cause No.
18D01-9911-CF-90

**Mathias, Judge.**

[1] Artie Thomas ("Thomas"), pro se, appeals the trial court's denial of his motion to correct erroneous sentence. Thomas argues that the trial court abused its discretion in denying his motion to correct erroneous sentence.

[2] We affirm.

## Facts and Procedural History

[3] The underlying facts of this case were set forth in our supreme court's earlier opinion in Thomas's direct appeal as follows:

> The facts most favorable to the judgment indicate the following. On the night of October 30, 1999, a local chapter of Kappa Alpha Psi Fraternity held a fundraiser at a local YWCA. After the fundraiser, there was a party at the house of a few of the fraternity members ("Kappa house"). Defendant and seven or eight of his friends went to the Kappa house, but were turned away at the door. They were told that the party was full and it was only for Kappa members. Defendant and his friends exchanged words with the Kappas and finally left the party. Upon leaving, Defendant said, "we'll be back and you better have the police here."
>
> As the group left the party they split up into separate groups. Defendant said he was "going to the hood to get his [gun]." (R. at 929.) One of Defendant's friends, Terrence Manley, said, "I ain't go to do nothing but go down the street." (R. at 929.) Another member of the group, Tyrone Mason, took Louis Abrams to get Abrams's gun.
>
> The group met up again in the parking lot of a store near the Kappa house. Defendant, Michael Bruno, Abrams, and Manley had guns. The group parked their cars on a dark residential street

so as not to be seen. They walked toward the back of the Kappa house. At some point, someone said, "let's do this shit," and Defendant, Manley, Bruno, and Abrams began shooting into the house. Four people were shot. One victim, Julian Brown, died and three other women were injured.

The State charged Defendant with three counts of criminal recklessness resulting in serious bodily injury, a class C felony, Conspiracy to Commit Murder, a class A felony, and Murder. The jury found Defendant guilty on all counts. The trial court sentenced Defendant to consecutive sentences of eight years for each criminal recklessness count and sixty years for the murder. The court imposed the sentence for conspiracy to commit murder concurrent to the other counts for a total sentence of 84 years of incarceration.

*Thomas v. State*, 774 N.E.2d 33, 34 (Ind. 2002).

[4] On direct appeal, Thomas argued that the trial court abused its discretion in responding to a jury question. On August 27, 2002, our supreme court affirmed Thomas's sentence. Thomas then filed a pro se motion to correct erroneous sentence on October 15, 2015, which the trial court denied on November 25, 2015. Thomas now appeals.

## Discussion and Decision

[5] We review a trial court's decision on a motion to correct erroneous sentence for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[6] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence under Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[7] A statutory motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod* v. State, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct sentence. *Id.* Such claims are best addressed on direct appeal or by way of petition for post-conviction relief. *Robinson*, 805 N.E.2d at 787.

[8] Here, Thomas claims that the trial court erred by denying his motion to correct erroneous sentence. He argues that the trial court abused its statutory authority by ordering him to serve an aggregate twenty-four-year sentence, which included eight years for each Class C felony criminal recklessness conviction to be served consecutively.

A trial court has the discretion to impose sentences consecutively if aggravating circumstances warrant. *See* Ind. Code § 25-38-1-7.1. Thomas was sentenced under Indiana Code section 35-50-1-2(c) (2) (1997) which provides:

> Except for statutory crimes of violence, "the total of the consecutive terms of imprisonment. . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted."

Indiana Code section 35-50-1-2(a) specifically provides the offenses considered to be crimes of violence and criminal recklessness is not designated as such.

To address Thomas's claims, we must determine: (1) whether Thomas's crimes were among the statutorily defined crimes of violence, and (2) whether his convictions arose out of an episode of criminal conduct. Thomas contends that because criminal recklessness was not included as a "crime of violence" under Indiana Code section 35-50-1-2(a) as it existed at the time his crimes were committed that the maximum sentence that the trial court should have ordered him to serve is ten years, the presumptive sentence for a Class B felony.

While we agree with Thomas's contention that criminal recklessness did not constitute a crime of violence under Indiana Code section 35-50-1-2(a) at the time his crimes were committed, we cannot determine whether Thomas's crimes arose out of an episode of criminal conduct without looking outside the

face of the sentencing order. Although Thomas was charged for all crimes under the same cause number, this is not dispositive of whether his crimes arose out of an episode of criminal conduct. In determining whether multiple offenses constitute one episode of criminal conduct, we must look to the timing of the offenses and the simultaneous and contemporary nature, if any, of the crimes. *Slone v. State*, 11 N.E.3d 969, 972 (Ind. Ct. App. 2014) (citing *Reed v. State*, 856 N.E.2d 1189, 1200 (Ind. 2006)). Courts also consider whether the alleged conduct was so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge. *Id.*

[12] We cannot consider any of these factors without looking at the facts and circumstances supporting Thomas's convictions. Said differently, we cannot conclude from the face of the sentencing order and the relevant statutory authority that Thomas's sentence is erroneous. A motion to correct erroneous sentence is not the appropriate means to present Thomas's claims of sentencing error. *See Robinson*, 805 N.E.2d at 787. Therefore, the trial court properly denied Thomas's motion to correct erroneous sentence.

[13] Thomas alternatively argues that even if our court determines that his aggregate twenty-four-year consecutive sentence for three criminal recklessness convictions was not facially erroneous, we should look to his companion case, *Bruno v. State*, 774 N.E.2d 880, 883-84 (Ind. 2002) for guidance. In *Bruno*, Thomas's co-defendant's sentence was revised on appeal from an aggregate eighteen-year consecutive sentence for three Class C criminal recklessness

felonies to a presumptive Class B felony ten-year sentence under Indiana Code section 35-50-1-2. Although Bruno's situation may seem identical to Thomas's situation, it differs because Bruno appropriately raised the sentencing issue on direct appeal. Further, by considering Thomas's alternative argument, we would again be required to look at more than the face of the sentencing order, which we cannot do in reviewing the trial court's denial of a motion to correct erroneous sentence.

[14] We conclude that the trial court did not abuse is discretion in denying Thomas's motion to correct erroneous sentence because his claim of sentencing error requires consideration of matters beyond the face of the sentencing order.

[15] Affirmed.

Vaidik, C.J., and Barnes, J., concur.