## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2017, 10:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Terry R. Twitty
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

I N   T H E
# COURT OF APPEALS OF INDIANA

Terry R. Twitty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 30, 2017

Court of Appeals Case No.
32A01-1605-CR-1113

Appeal from the Hendricks Superior Court.
The Honorable Karen M. Love, Judge.
Cause No. 32D03-0212-FA-8

**Friedlander, Senior Judge**

[1]     Terry R. Twitty appeals the denial of his motion to correct erroneous sentence. We affirm.

[2]     Twitty was convicted of five counts of child molesting, three as Class A felonies and two as Class C felonies, and was sentenced to 108 years.  He appealed,

challenging: (1) the trial court's treatment of one of the State's witnesses; (2) the admission of certain testimony into evidence; and (3) the appropriateness of his sentence. A panel of this Court affirmed in a Memorandum Decision. *Twitty v. State*, Cause No. 32A01-0402-CR-55 (Ind. Ct. App. July 30, 2004).

[3] Next, Twitty filed a petition for post-conviction relief, claiming ineffective assistance of trial and appellate counsel. The post-conviction court granted partial relief to Twitty, reducing his sentence to eighty-four years. He appealed, and the State of Indiana cross-appealed. In a Memorandum Decision, a panel of this Court reversed the post-conviction court's sentence reduction, directed the court to reinstate the 108-year sentence, and rejected Twitty's claims. *Twitty v. State*, Cause No. 32A01-1001-PC-19 (Ind. Ct. App. Sept. 29, 2010), *trans. denied*.

[4] Twitty subsequently filed with the trial court two motions for sentence modification. The trial court denied both motions. Twitty appealed the second denial, and a panel of this Court affirmed the trial court's decision in a Memorandum Decision. *Twitty v. State*, Cause No. 32A04-1410-CR-472 (Ind. Ct. App. April 27, 2015).

[5] The current case began when Twitty filed a motion to correct erroneous sentence. The trial court held a hearing, after which it denied Twitty's motion, and this appeal followed.

[6] Twitty raises one issue, which we restate as: whether the trial court abused its discretion in denying Twitty's motion to correct erroneous sentence. Twitty

claims the court should have granted his motion because his sentence is fundamentally erroneous. The State responds that Twitty is not permitted to raise his claims through a motion to correct erroneous sentence.

[7] We review a trial court's ruling on a motion to correct erroneous sentence for an abuse of discretion. *Davis v. State*, 978 N.E.2d 470 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[8] The statute that governs motions to correct erroneous sentences provides, in relevant part:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Ind. Code § 35-38-1-15 (1983).

[9] It is in the best interests of all parties that sentencing errors be immediately discovered and corrected. *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004). In general, such errors are most appropriately presented in a motion to correct error or in a direct appeal from the sentencing judgment. *Id.* In addition, a defendant may raise certain sentencing errors in post-conviction proceedings. *See id.* (citing Ind. Post-Conviction Rule 1, § (1)(a)(3)).

[10] A defendant may file a motion to correct erroneous sentence under Indiana Code section 35-38-1-15 as a narrower remedy. The Indiana Supreme Court has explained that, when addressing a motion to correct erroneous sentence, a court may consider "only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Robinson*, 805 N.E.2d at 787-88. Claims that require consideration of the proceedings before, during or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* at 787. "The narrow confines of this procedure are to be strictly applied." *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006).

[11] Twitty presented two arguments in his motion to correct erroneous sentence: (1) his sentence violated the holding in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), because the trial court identified aggravating factors that had not been found by a jury; and (2) two of his convictions violated his federal and state constitutional protections against double jeopardy because the charges were identical and involved the same evidence. These claims cannot be addressed without looking beyond the face of the sentencing order to the evidence and arguments presented during the trial and the sentencing hearing. Twitty effectively conceded it is necessary to look at additional evidence because he tendered to the trial court exhibits in support of his motion to correct erroneous sentence, including excerpts from the charging information and excerpts from jury instructions. He is raising claims that cannot be considered in the context of a motion to correct erroneous

sentence. *See Robinson*, 805 N.E.2d 783 (noting that in an earlier case, the Indiana Supreme Court had failed to rigorously apply the "erroneous on its face" standard in considering a double jeopardy claim raised in a motion to correct erroneous sentence); *Fulkrod*, 855 N.E.2d 1064 (refusing to consider appellant's *Blakely* claim in a motion to correct erroneous sentence because the Court would be required to consider matters beyond the face of the sentencing order).

[12] Twitty cites *Lane v. State*, 727 N.E.2d 454 (Ind. Ct. App. 2000), in support of his argument that the Court must consider his claims, but that case is procedurally distinguishable. *Lane* involved an appeal after resentencing, not a motion to correct erroneous sentence, and does not contradict our Supreme Court's holding in *Robinson*. The trial court did not abuse its discretion in denying Twitty's motion to correct erroneous sentence. The State argues that Twitty's claims are barred by res judicata, or, in the alternative, are waived because they could have been raised in post-conviction proceedings. We do not need to address the State's arguments.

[13] For the foregoing reasons, we affirm the judgment of the trial court.

[14] Judgment affirmed.

Baker, J., and Mathias, J., concur.