## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 05 2018, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Damien R. Fayson<br>Bunker Hill, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>J.T. Whitehead<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Damien R. Fayson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 5, 2018<br><br>Court of Appeals Case No.<br>45A03-1707-CR-1588<br><br>Appeal from the<br>Lake Superior Court<br><br>The Honorable<br>T. Edward Page, Judge Pro Tempore<br>The Honorable<br>Natalie Bokota, Magistrate<br><br>Trial Court Cause No.<br>45G02-9808-CF-158 |

**Kirsch, Judge.**

[1]   Damien R. Fayson ("Fayson") appeals the trial court's denial of his pro se motion to correct erroneous sentence, raising one issue that we restate as: whether the trial court abused its discretion when it denied his motion.

[2]   We affirm.

## Facts and Procedural History

[3]   In August 1998, the State charged Fayson with murder, a felony, and he was found guilty following a January 1999 jury trial. *Appellant's App. Vol. 2 at 5.* On February 23, 1999, the trial court held a sentencing hearing, at which Fayson appeared by counsel, along with the State and a representative from the probation department, who filed a presentence investigation report. *Id.* at 13. After the hearing, the trial court issued an order stating in part:

> Evidence is presented, arguments are heard, and the defendant is given an opportunity to make a statement before sentence is imposed. For the reasons stated in open court, the defendant is remanded to the custody of the department of correction for classification and confinement in an appropriate facility for a term of sixty years for committing the offense of murder.

*Id.* Fayson filed a direct appeal, and the Indiana Supreme Court upheld his conviction. *Fayson v. State*, 726 N.E.2d 292, 296 (Ind. 2000).

[4]   The facts and circumstances of his crime are set out in Fayson's direct appeal:

> Early on the morning of August 9, 1998, Brandon Ford and Jermaine Lowe were sitting outside the home of Yakkei Wright, Fayson's girlfriend. Ford had dated Wright during the spring of that year. According to Jermaine, Fayson and a friend drove up

to the house and Fayson went inside and returned with a nine millimeter gun. An argument broke out between Fayson and Ford but Jermaine believed the dispute had been settled and turned his attention to a videogame being played in the house. Jermaine then heard a shot. As Jermaine turned, he saw Fayson bring his hand back and Ford's body fall to the sidewalk. Fayson threatened to kill Jermaine if he told anyone of the shooting.

Jermaine shook Ford and concluded that he was dead. He then ran to his house and reported the shooting. Jermaine's older brother, James Lowe, went to the scene and spotted Ford's body in a field adjacent to Wright's house. Two minutes later, Fayson and a friend arrived at the field. Fayson told James that he had killed Ford and had to move the body again because the situation was going to "get too hot."

Jermaine reported to the police that Fayson had killed Ford. When an officer went to Wright's house to find Fayson, Wright stated that she did not know where Fayson was and had not seen him since seven o'clock that morning. She then gave police permission to search her house where they discovered Fayson asleep on a bed. A bullet casing and pool of blood were found in front of Wright's house.

An autopsy concluded that Ford died of a gunshot wound to the right eye. Stippling on Ford's skin indicated that the shot had been fired at close range. The State charged Fayson with murder and Wright with assisting a criminal. Fayson and Wright were tried together by a jury, convicted, and sentenced to sixty years and three years imprisonment, respectively.

*Id*. at 293-94.

On June 14, 2017, Fayson filed a Motion to Correct Erroneous Sentence, alleging that the trial court erred when it sentenced him to sixty years, which was an enhanced sentence from the presumptive fifty-five years. *Appellant's App. Vol. 2* at 7. Fayson argued that, in order to impose an enhanced sentence, the trial court was required to identify the significant aggravating and mitigating factors, relate the specific facts and reasons that it found those factors, and balance the aggravators and mitigators. *Id.* He asked that his sentence be reduced from sixty years to fifty-five years, arguing:

> [T]here are no visible aggravators or mitigators listed. The statute I.C. § 35-50-2-3 guarantees the right to a presumptive sentence when no valid aggravators are present. . . . Thus, the trial court did not obtain statutory authority to enhance petitioner[']s sentence by five years.

*Id.* at 12.

In June 2017, the trial court issued an order ("Order"), denying Fayson's motion to correct erroneous sentence. The Order stated, in pertinent part:

> A motion to correct erroneous sentence may only be used to attack a sentence that is erroneous on its face. The sentence herein is not facially defective because the record indicates the aggravators and mitigators were weighed in open court. Therefore the issue must be raised in a petition for post-

conviction relief if the petitioner wishes to attack his conviction and/or sentence.[1]

*Id.* at 14. Fayson now appeals.

# Discussion and Decision

[7] Fayson's motion to correct erroneous sentence derives from Indiana Code section 35-35-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of the statute is to "provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004).

[8] A motion to correct erroneous sentence is a procedural mechanism which may be used to challenge a sentence that is erroneous on its face. *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006) (citing *Robinson*, 805 N.E.2d at 787). For example, a motion to correct erroneous sentence could be used to

---

[1] The Order continued by noting that Fayson has already filed a petition for post-conviction relief and that "[i]f the defendant wishes to file a successive petition for post-conviction relief, he must do so directly with the clerk of the Indiana Supreme Court[.]" *Appellant's App. Vol. 2* at 14.

correct "'illegal sentences in violation of express statutory authority or an erroneous interpretation of a penalty provision of a statute,' but would not be available for claims raising 'constitutional issues or issues concerning how the trial court weighed factors in imposing sentence.'" *Robinson*, 805 N.E.2d at 786 (quoting *Jones v. State*, 544 N.E.2d 492, 496 (Ind. 1989)). Claims may be resolved by considering only the face of the judgment and the applicable statutory authority, without reference to other matters in or extrinsic to the record. *Fulkrod*, 855 N.E.2d at 1066. Our Supreme Court has made clear that "[t]he 'facially erroneous' prerequisite should . . . be strictly applied[.]" *Robinson*, 805 N.E.2d at 787. Claims that require consideration of proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id*.

[9] Here, Fayson's motion to correct erroneous sentence argued that, in the trial court's February 1999 sentencing order, "there are no visible aggravators or mitigators listed" and "no valid aggravators are present." *Appellant's App. Vol. 2* at 12. He contends on appeal that because the trial court "failed to document on the record which factors were relied upon" to enhance his sentence, the trial court lacked authority to impose the sixty-year sentence, and this "failure to provide an accurate record deprive[d] [him] of due process." *Appellant's Br*. at 6. Upon review, we find that the trial court properly denied Fayson's motion.

[10] As an initial matter, we find that Fayson's argument does not actually allege that his sentence is facially erroneous, and, more precisely, it claims that the written sentencing statement was insufficient. Fayson is correct that, to

enhance a presumptive sentence, the trial court was required to "state the reasons underlying the sentence." *Ratliff v. State*, 741 N.E.2d 424, 432 (Ind. Ct. App. 2000) (citing Indiana Code § 35-38-1-3(3)). When reviewing the sufficiency of the sentencing statement, we examine both the trial court's written and oral statements. *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012); *see also Ratliff*, 741 N.E.2d at 432 (in reviewing sufficiency of sentencing statement, appellate court is not limited to written sentencing order).

[11] Here, the trial court's written order that sentenced Fayson to sixty years incorporated the reasons that had been stated in open court at the sentencing hearing. *Appellant's App. Vol. 2* at 13. On appeal, Fayson does not dispute that, at the sentencing hearing, the trial court stated the reasons for the sentence it imposed, and he does not claim that he does not know the reasons, that they were improper, or that there were none. Rather, he appears to claim that the aggravator(s) should have been expressly stated in the written order, and because they were not, the trial court lacked authority to sentence him to anything in excess of the presumptive sentence, and the trial court should have granted his motion to correct erroneous sentence. We disagree.

[12] First, contrary to Fayson's argument, the trial court's authority to sentence him is not based upon what is or is not stated in the written sentencing order; the authority is grounded in statutes. *See e.g.*, Ind. Code ch. 35-38-1; Ind. Code ch. 35-50-2. Second, any claim that the trial court did not enter an adequate sentencing statement should have been brought by direct appeal. *See Dennis v. State*, 908 N.E.2d 209, 212 (Ind. 2009) (direct appeal asserting that trial court

did not enter sufficient sentencing statement). Third, Fayson's assertion that he was "deprive[d] . . . of due process" because the written sentencing order referred to and incorporated reasons discussed in open court at the sentencing hearing, but did not list aggravators or mitigators, is a claim that raises "constitutional issues or issues concerning how the trial court weighed factors in imposing sentence[,]" which our Supreme Court has stated are not appropriate matters for a motion to correct erroneous sentence. *Robinson*, 805 N.E.2d at 786. Fourth, Fayson's sixty-year sentence is within statutory guidelines. Ind. Code § 35-50-2-3 (stating that person who commits murder shall be imprisoned for a fixed term of fifty-five years, with not more than ten years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances). Accordingly, we find that Fayson's sentence was not erroneous on its face, and the trial court did not abuse its discretion when it denied his motion to correct erroneous sentence.

[13] Affirmed.

Baker, J., and Bradford, J., concur.