## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 20 2020, 7:47 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT, PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Tyree Thomas<br>Bunker Hill, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Josiah Swinney<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyree Thomas,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 20, 2020<br><br>Court of Appeals Case No.<br>20A-CR-1148<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Grant W. Hawkins, Judge<br>The Honorable Peggy R. Hart, Magistrate<br><br>Trial Court Cause No.<br>49G05-1806-F5-20138 |

**Pyle, Judge.**

# Statement of the Case

Tyree Thomas ("Thomas"), pro se, appeals the trial court's order denying his motion to correct erroneous sentence. Thomas challenges the executed portion of his sentence, arguing that the trial court violated the terms of his plea agreement by exceeding the sentencing cap of three years. Because a motion to correct erroneous sentence is limited to correcting sentencing errors apparent on the face of the judgment and Thomas raises an issue that is not so apparent, we conclude that the trial court did not abuse its discretion by denying his motion to correct erroneous sentence.

We affirm.

# Issue

Whether the trial court abused its discretion by denying Thomas' motion to correct erroneous sentence.

# Facts

In October 2018, the State charged Thomas with Level 5 felony battery with a deadly weapon. In December 2018, Thomas and the State entered into a plea agreement wherein Thomas pled guilty as charged. According to the plea agreement:

> The parties are free to argue for an appropriate sentence, but the parties agree that the initial executed sentence will be capped at three (3) years with placement open to the Court. All other terms, including any term of probation is open to the Court.

(App. Vol. 2 at 18). Thereafter, the trial court imposed a five-year sentence with two years executed in the Department of Correction, one year in community corrections, and two years suspended with one year of probation.

[4] In May 2020, Thomas filed a motion to correct erroneous sentence. In his motion, Thomas challenged the executed portion of his sentence, arguing that his sentence exceeded the sentencing cap of three years. The trial court denied Thomas' motion to correct erroneous sentence. Thomas now appeals.

# Decision

[5] Thomas appeals the trial court's denial of his motion to correct erroneous sentence. We review a trial court's denial of a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[6] An inmate who believes that he has been erroneously sentenced may file a motion to correct the sentence pursuant to INDIANA CODE § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). This statute provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)).

[7] A statutory motion to correct erroneous sentence "may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson*, 805 N.E.2d at 787. "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct erroneous sentence. *Robinson*, 805 N.E.2d at 787. "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should henceforth be strictly applied[.]" *Id.*

[8] Here, Thomas appeals the trial court's denial of his motion to correct erroneous sentence, but he does not argue that the sentencing error is clear from the face of the judgment. Rather, he argues that "the trial court violated the plea agreement in this matter when it went outside the prescribed 'cap' of 3 years total." (Thomas' Br. 5). We agree with the State that "[t]he sentencing error of which Thomas complains is not clear from the face of the judgment." (State's Br. 7). Because the error Thomas alleges is not clear from the face of the

sentencing order, it is not appropriate for a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 787. Accordingly, Thomas has failed to show that the trial court abused its discretion by denying his motion, and we affirm the trial court's judgment. *See*, *e.g.*, *Bauer v. State*, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (affirming the trial court's denial of the defendant's motion to correct erroneous sentence where the defendant's claims required consideration of matters in the record outside of the face of the judgment and were, accordingly, not the types of claims properly presented in a motion to correct erroneous sentence), *trans. denied*.

[9] Affirmed.

Kirsch, J., and Tavitas, J., concur.